UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 20-CIV-24867-SCOLA/GOODMAN

................................................................

GRUPO UNIDOS POR EL CANAL, S.A.,
SACYR, S.A.,
WEBUILD S.p.A. and
JAN DE NUL N.V.

                Movants,

v.

AUTORIDAD DEL CANAL DE PANAMA,

                Respondent.

................................................................

**MOVANTS' EXPEDITED MOTION FOR ALTERNATIVE SERVICE
AND INCORPORATED MEMORANDUM OF LAW**

      In accordance with Local Rule 7.1(d), Movants Grupo Unidos por el Canal, S.A. ("GUPC, S.A."), Sacyr, S.A., Webuild, S.p.A., and Jan De Nul, N.V. ("Movants") respectfully request that this Court grant this expedited motion and issue an order authorizing alternative service under 28 U.S.C. § 1608(b)(3)(C) via (i) e-mail and (ii) personal service by a Panamanian Notary, directed to both the General Counsel of Respondent Autoridad del Canal de Panamá ("ACP"), Agenor Correa Pulice, and the Administrator of ACP, Ricaurte Vásquez Morales.[1]

### BACKGROUND

      On November 25, 2020, Movants filed a Motion To Vacate a Partial Arbitral Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9, 10, 201, 208. *See* D.E. 1. As stated in Movants' status report filed on December 7, 2020, the FAA requires completion of service

---

[1] The e-mail addresses and physical addresses of both Mr. Correa Pulice and Mr. Vásquez Morales appear in **Annex A**.

of a motion to vacate on the adverse party within three months after the award is "filed or delivered." *See* D.E. 17; 9 U.S.C. § 12. To satisfy this deadline, Movants must effect service on ACP by December 28, 2020. *See* D.E. 17. As this Court has held, the three-month deadline imposed by the FAA "is a limitations period[.]" *Grupo Unidos por el Canal, S.A. v. Autoridad del Canal de Panamá*, 2018 U.S. Dist. LEXIS 102695 *12 (S.D. Fla. June 18, 2018); *see also Mitra v. Global Fin. Corp.*, 2009 U.S. Dist. LEXIS 53954 *7-8 (S.D. Fla. June 23, 2009) (noting the Eleventh Circuit "has declined to fashion a due diligence exception" to the deadline). Therefore, Movants must effect service by December 28, 2020.

As of the date of this filing, Movants already have taken every step toward serving ACP they understand to be required by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(b). *See* D.E. 17 (explaining that ACP is an agency or instrumentality of Panama under the meaning of the FSIA and service therefore is governed by Fed. R. Civ. P. 4(j) and 28 U.S.C. § 1608(b)). First, in accordance with 28 U.S.C. § 1608(b)(2), Movants filed a motion on November 25, 2020, requesting the Court's seal and signature on the mandatory form required for service under the Inter-American Convention on Letters Rogatory and Additional Protocol ("the Inter-American Convention"). *See* D.E. 8. On December 4, 2020, the Court granted that motion and the Clerk of Court provided the signed forms with the Court's seal. *See* D.E. 11, 12.

On December 7, 2020, Movants transmitted the signed forms, along with triplicate copies of all documents to be served and accompanying translations in Spanish, to the United States Central Authority under the Inter-American Convention.[2] The United States Central Authority

---

[2] The documents transmitted for service under the Inter-American Convention are: (1) the summonses issued by the Court on November 30, 2020; and (2) the Motion To Vacate with the supporting declaration and exhibits. As noted in Movants' status report, the Department of Justice

authorized and shipped the service packages on December 9, 2020, and they were delivered to the Central Authority of Panama on December 15, 2020. *See* Exhibit 1 (FedEx shipping label dated Dec. 15, 2020). Service under the Inter-American Convention will not be complete, however, until the Central Authority of Panama serves the documents on ACP in accordance with Panamanian law, a process which may take six months or longer to execute. *See* D.E. 17.

In view of the anticipated delay in service under the Inter-American Convention, on December 7, 2020, Movants also executed service on ACP under 28 U.S.C. § 1608(b)(3)(B). Specifically, Movants hand-delivered to the Clerk of Court two complete sets of: (1) the summonses issued by the Court on November 30, 2020; and (2) the Motion To Vacate, the supporting declaration, with exhibits, and accompanying translations of each into Spanish. The Clerk of Court dispatched one set of documents to each of the international addresses indicated in the summonses (D.E. 9) and issued Notices of International Services on December 7, 2020. *See* D.E. 15, 16. Those packages were delivered to ACP in Panama and signed for on December 9 and December 10, 2020. *See* D.E. 21-1, 21-2 (DHL delivery confirmation receipts with signatures at both ACP addresses).

## ARGUMENT

Movants' position is that service in this case under 28 U.S.C. § 1608(b)(3)(B) is effective and completed as of December 9, 2020, the day the first package was delivered to ACP in Panama. *See* D.E. 21, 21-1. Movants have no reason to believe that that service was ineffective. Because of the dispositive nature of service under the FAA, however, and out of an abundance of caution, Movants now seek the Court's authorization for alternative service via both e-mail and personal

---

is the Central Authority for service under the Inter-American Convention and acts in this capacity through a contractor, ABC Legal. *See* D.E. 17.

service by a Panamanian Notary to guarantee that service has been effected to the Court's satisfaction.

If service cannot be accomplished under the previously noted provisions of the FSIA, then § 1608(b)(3)(C) permits service "as directed by order of the court" as long as the alternative method "is reasonably calculated to give actual notice" and is "consistent with the law of the place where service is to be made." Thus, with the Court's authorization, Movants seek to execute service on ACP by e-mail and by personal service through a Panamanian Notary on the ACP General Counsel and the ACP Administrator as soon as possible. These methods are reasonably calculated to provide additional notice of the service that ACP already has received, and they are consistent with methods for service under Panamanian law.

First, with respect to personal service, at least one court in this district has held that personal service is an appropriate method of alternative service on foreign defendants. *See, e.g.*, *City Pension Fund v. Aracruz*, No. 08-23317, 2010 U.S. Dist. LEXIS 153689, at *8-9 (S.D. Fla. July 22, 2010) (holding personal service appropriate because it was "reasonably calculated, under all the circumstances, to apprise [defendants] of the pendency of the action" and would "minimize offense to the laws of [the foreign state]"). Movants are aware of no prohibition in Panama on service by personal delivery, and Movants have engaged a Panamanian Notary who conducts such personal service routinely. *See Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 690-91 (S.D. Fla. 2010) (holding that the court may authorize service methods not expressly authorized by foreign law so long as they were not expressly prohibited).

Second, as to service by e-mail, courts in the Southern District of Florida have authorized service by e-mail as a method of alternative service on multiple occasions, particularly where a party has been difficult to serve. *See, e.g.*, *U.S. CFTC v. Aliaga*, 272 F.R.D. 617, 620-21 (S.D.

4

Fla. 2011) (authorizing e-mail service where a plaintiff attempted service by other means); *see also CFTC v. Fingerhut*, No. 20-cv-21887, 2020 U.S. Dist. LEXIS 141937, at *4-5 (S.D. Fla. May 29, 2020) (collecting Southern District of Florida cases on the issue). Additionally, the Inter-American Convention does not address whether service by e-mail is an acceptable alternative method; therefore, as courts have held, service by e-mail is not prohibited by international agreement. *U.S. CFTC v. Rubio*, No. 12-CV-22129, 2012 U.S. Dist. LEXIS 117898, at *5-7 (S.D. Fla. Aug. 21, 2012) (permitting service by e-mail where a defendant's location was unknown, noting that the Inter-American Convention did not "preclude service by means outside the scope of its terms"); *Paiz v. Castellanos*, No. 06-CIV-22046, 2006 U.S. Dist. LEXIS 66532, at *1 (S.D. Fla. Aug. 28, 2006) ("[T]he Inter-American Convention's provisions regarding service of process are neither mandatory nor exclusive."); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 647 (5th Cir. 1994) (holding the Inter-American Convention "does not foreclose other methods of service . . . if otherwise proper and efficacious"); *Johnson v. Mitchell*, No. CIV S-10-1968 GEB GGH PS, 2012 U.S. Dist. LEXIS 56830, at *14-15 (E.D. Cal. Apr. 20, 2012) (allowing service by e-mail on defendant in Panama, in part, because the Inter-American Convention "often takes a long time" to complete).

Courts also have held that service by e-mail is permitted under 28 U.S.C. § 1608(b)(3)(C). *See, e.g.*, *Janvey v. Libyan Inv. Auth. & Libyan Foreign Inv. Co.*, No. 3:11-CV-1177-N, 2011 U.S. Dist. LEXIS 172410, at *14-15 (N.D. Tex. June 6, 2011) (holding e-mail and fax service was reasonably calculated to give notice, which is the "touchstone" of § 1608(b) service); *see also Rice Corp. v. Grain Bd.*, 582 F. Supp. 2d 1309, 1311-12 (E.D. Cal. 2008) (analyzing whether § 1608(b)(3)(C) service by e-mail was permitted under Iraqi law). Movants are aware of no prohibition in Panama on service by e-mail. *See Wireless*, 268 F.R.D. at 690-91.

## CONCLUSION

In light of the foregoing, Movants respectfully request that the Court grant this expedited motion authorizing Movants to serve ACP via e-mail and personal service. To ensure that Movants have sufficient time to e-mail and personally serve the documents required for service ahead of the December 28, 2020 deadline under the FAA—and in light of the upcoming Christmas holiday and weekend, as well as forthcoming COVID-related restrictions in Panama that may impede or delay the ability of the Panamanian Notary to effect personal service—Movants further request that the Court grant this expedited motion no later than December 18, 2020.

Date: December 16, 2020            Respectfully submitted,

/s/ Carolyn B. Lamm
Carolyn B. Lamm, Florida Bar No. 167189
Hansel T. Pham (*pro hac vice*)
Matthew N. Drossos (*pro hac vice*)
clamm@whitecase.com
hpham@whitecase.com
mdrossos@whitecase.com White & Case LLP
701 13th Street, NW
Washington, DC 20005
(202) 626-3600

Maria Beguiristain, Florida Bar No. 69851
mbeguiristain@whitecase.com
White & Case LLP
200 South Biscayne Boulevard
Miami, FL 33131
(305) 371-2700

Luke A. Sobota (*pro hac vice*)
luke.sobota@threecrownsllp.com
Three Crowns LLP
3000 K Street, NW Ste. 101
Washington, DC 20007
(202) 540-9477

*Counsel for Grupo Unidos por el Canal, S.A., Sacyr, S.A., Webuild, S.p.A., and Jan De Nul N.V.*

# ANNEX A

**ADDRESSES FOR PERSONAL AND E-MAIL SERVICE
(ENGLISH AND SPANISH)**

<u>Address of General Counsel Agenor Correa Pulice</u>

Agenor Correa Pulice
General Counsel of Autoridad del Canal de Panamá
Administrative Building
Balboa, Ancón
República de Panamá
acorrea@pancanal.com

Agenor Correa Pulice
Vicepresidente de Asesoría Jurídica del Autoridad del Canal de Panamá
Edificio de la Administración
Balboa, Ancón
República de Panamá
acorrea@pancanal.com


<u>Address of Administrator Ricaurte Vásquez Morales</u>

Ricaurte Vásquez Morales
Administrator of Autoridad del Canal de Panamá
Office of the Administrator
Administrative Building
Balboa, Ancón
República de Panamá
catinvasquez@pancanal.com

Ricaurte Vásquez Morales
Administrador del Autoridad del Canal de Panamá
Despacho del Administrador
Edificio de la Administración
Balboa, Ancón
República de Panamá
catinvasquez@pancanal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 16, 2020, a true and correct copy of the foregoing document was filed with the Court through the CM/ECF system.

/s/ Carolyn B. Lamm
Carolyn B. Lamm
