United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Grupo Unidos por el Canal, S.A. and others, Movants, | ) ) ) |
| v. | ) ) Civil Action No. 20-24867-Civ-Scola ) |
| Autoridad del Canal de Panama, Respondent. | ) ) ) |

**Order On Expedited Motion for Alternative Service**

This matter is before the Court upon the Movants' expedited motion for alternative service. (ECF No. 22.) Having considered the motion and the relevant legal authorities, the Court **denies** the Movants' expedited motion. (**ECF No. 22**.)

The Movants in this matter seek to vacate an arbitration award under the Federal Arbitration Act. In order to do so, they "must effect service on [Respondent] by December 28, 2020." (*See* ECF No. 22, at 1-2.) On November 25, 2020, the same day the Movants filed their motion to vacate, the Movants filed a motion with the Court asking the Court to affix its seal and signature on certain documents in order to aid the movants with serving the Respondent, an instrumentality of the Panamanian government, under the Inter-American Convention on Letters Rogatory ("IAC"), consistent with the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(b)(2), and Federal Rule 4(j).[1] On December 2, 2020, the Court granted the Movants' motion. The Movants then transmitted those documents to the United States Central Authority under the IAC to be mailed to the Central Authority of Panama for service on Respondent. (ECF No. 22, at 2-3.) The Central Authority of Panama received these documents on December 15, 2020, but Movants note that service under the IAC will not be complete until the Central Authority of Panama serves the documents on Respondent in accordance with Panamanian law, a process which Movants state could take months to complete. (ECF No. 22, at 3.)

Recognizing the length of time it could take the Central Authority of Panama to serve the Respondent, and concerned with the limitations period under the Federal Arbitration Act, the Movants also attempted to execute service

---

[1] The Court previously determined that the Respondent "is an 'instrumentality of a foreign state' within the meaning of the FSIA", *Grupo Unidos por el Canal, S.A. v. Autoridad del Canal de Panama*, No. 17-23996-Civ, 2018 WL 3059649, at *2 (S.D. Fla. June 20, 2018) (Scola, J.); thus, service must be completed in a manner consistent with the FSIA, 28 U.S.C. § 1608. Fed. R. Civ. P. 4(j)(1).

by having the Clerk of Court mail the summons and complaint to the Respondent, consistent with 28 U.S.C. § 1608(b)(3)(B). The Movants state that mailers containing the summons and complaint were delivered to the Respondent in Panama and signed for on December 9 and December 10, 2020. (ECF No. 22, at 3.) While the Movants claim they properly served the Respondent under 28 U.S.C. § 1608(b)(3)(B), out of an abundance of caution, Movants now ask the Court to authorize alternative service on Respondent by e-mail and personal service through a Panamanian Notary, pursuant to 28 U.S.C. § 1608(b)(3)(C).

The IAC's provisions regarding service are neither mandatory nor exclusive, meaning, the IAC "does not purport to provide the exclusive means of effecting service of process between the signatories." *Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-cv-14628, 2013 WL 592660, at *2 (E.D. Mich. Feb. 14, 2013). Accordingly, the Court may order alternative methods of service under the IAC, provided the Court makes "an *earnest effort* . . . to devise a method of communication that is *consistent with due process* and *minimize[ing] offense to foreign law*." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 927 (11th Cir. 2003) (emphasis in original).

The Court turns first to the Movants' request for the Court to authorize personal service on the Respondent by e-mail. In their motion the Movants point to a number of cases where courts have authorized service by e-mail both generally and under the IAC, however, the Movants provide no assurance to the Court that service by e-mail upon the Respondent is "reasonably calculated to give notice" to the Respondent in this case. (*See* ECF No. 22, at 4-5.) Courts decline to permit service by e-mail where there is "no reasonable assurance that . . . e-mail of the complaint and summons would be received at the e-mail addresses provided . . . ." *JBR, Inc. v. Café Don Paco, Inc.*, No. 12-cv-02377, 2013 WL 1891386, at *6 (N.D. Cal. May 6, 2013); *compare Elcometer*, 2013 WL 529660, at *2 (permitting service by e-mail upon Panamanian Defendants consistent with the IAC where Plaintiffs argued that e-mail service was reasonably calculated to give Defendants notice of the suit against them because Defendants regularly conduct their business on the internet and through e-mail). Here, Movants have not provided the Court with a proposed e-mail address which the Movants would propose to use to serve the Respondent and have further failed to offer any arguments as to why service by e-mail would be reasonably calculated to give notice to this Respondent under the circumstances of this case. The Court finds therefore that e-mail service upon the Respondent is not consistent with due process. *Naseer v. Mirabella Found.*, No. 6:08-cv-1360, 2009 WL 109706230, at *2 (M.D. Fla. July 29, 2009) ("'An elementary and fundamental requirement of due process in any proceeding . . . is notice

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them opportunity to present their objections.'" (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 399 U.S. 306, 3014 (1950)). As Movants have failed to demonstrate why e-mail service is appropriate under the facts of this case, the Court denies the Movants' request to authorize alternative service by e-mail.

Next, the Court turns to the Movants' request to authorize alternative service by personal service by a Panamanian Notary. Movants have not directed the Court to a single authority indicating that personal service upon an instrumentality of the state of Panama is minimally offensive to Panamanian law, as is required in the Eleventh Circuit. While the Movants point out the Court may authorize a method of service provided it is not expressly prohibited by Panamanian law, *See TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 28 F.R.D. 687, 690-91 (S.D. Fla. 2010) (Ungaro, J.), the Movants' motion is devoid of any discussion of Panamanian law whatsoever. *See Royaltystat, LLC v. IntangibleSpring Corp.*, No., 2017 WL 219372, at *4 (D. Md. 2017). The Court therefore also denies the Movants' request to authorize alternative service by personal service by a Panamanian Notary.

In sum, for the reasons stated above, the Court **denies** the Movants' expedited motion for alternative service.

**Done and ordered** in Miami, Florida, on December 18, 2020.

_____
Robert N. Scola, Jr.
United States District Judge